UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIZABETH JUNE BURWELL,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL COUNTY JAIL STAFF, et al.,<br><br>Defendants. | CAUSE NO. 3:21-CV-627-JD-MGG |

OPINION AND ORDER

Elizabeth June Burwell, a prisoner without a lawyer, filed a lawsuit against Quality Care and the Marshall County Jail Staff with a variety of complaints about her medical care and the conditions at the Marshall County Jail. ECF 1. The complaint did not state a claim against either defendant because neither had the personal involvement necessary for liability under 42 U.S.C. § 1983. ECF 5. But she was allowed to file an amended complaint and was cautioned to include only related claims and to explain how each defendant was personally involved in the alleged violations. ECF 5. She filed an amended complaint containing the same allegations against eleven defendants. ECF 6. But it is clear that her main concern is about the medical care provided by Nurse Mary Loftus. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Burwell alleges that when she arrived at the Marshall County Jail on April 22, 2021, she informed Nurse Mary Loftus about several health conditions. Among these, Burwell alleges she had a brain tumor that needed to be checked every six months for growth. ECF 6 at ¶ 2. In the beginning of July, the jail doctor gave permission for Burwell to receive an MRI and to see her neurosurgeon. *Id.* at ¶ 10. But Burwell alleges that Nurse Loftus never scheduled the MRI, and now three months later, she still has not received an MRI or seen her neurosurgeon. *Id.* at ¶ 14.

The records of Burwell's criminal case show that she was in the Marshall County Jail following a criminal conviction. *See State of Indiana v. Loftus*, No. 50D01-2005-F6-000134 (Marshall Super. Ct. sentenced Feb. 18, 2021), docket sheet available at mycase.in.gov. Therefore, her claims are analyzed under the Eighth Amendment, which entitles inmates to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability for a denial of constitutionally adequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) her medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective

2

prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Giving Burwell the inferences to which she is entitled, she states a claim against Nurse Loftus for not scheduling an MRI after the doctor ordered one. However, Burwell does not state a claim against the jail doctor because the complaint contains no indication that he was personally involved in her care after he ordered the MRI.[1]

Burwell also alleges that when she arrived at the Marshall County Jail, she had a 4mm kidney stone and a kidney infection. ECF 6 at ¶ 1. The day after she arrived, Nurse Loftus took a urine sample from her and prescribed Ibuprofen 800 and Flomax for the kidney stone. *Id.* Four months later, Burwell says she received an antibiotic for the kidney infection, which she says did not clear it up. *Id.* at ¶ 13. The complaint

---

[1] Burwell's amended complaint also details alleged inadequacies with the care she received for a migraine and headaches. ECF 6 at ¶¶ 5-7. To the extent this is separate from her brain tumor treatment, the allegations do not state a claim because Burwell does not allege which of the defendants was involved in her care.

demonstrates that Nurse Loftus treated Burwell's ailments using professional judgment, though perhaps not in the manner Burwell would have liked. This exercise of professional judgment would typically preclude an Eighth Amendment claim. However, Burwell alleges that six months after entering the jail, she still has not passed the kidney stone and her kidney infection persists. A medical professional can be deliberately indifferent by persisting in a course of treatment known to be ineffective. *See Greeno*, 414 F.3d at 655. Therefore, Burwell state an Eighth Amendment claim against Nurse Loftus based on the treatment of her kidney stone and kidney infection.

Burwell next sues an unidentified member of the jail staff for incorrectly applying smelling salts to her following a seizure, resulting in a chemical burn on her mouth and damage to her dentures. ECF 6 at ¶ 4. Burwell cannot sue an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." (citations omitted)). However, even if she had named a proper defendant, the allegations do not state a claim for deliberate indifference. The allegations show that the jail staff member responded to a medical emergency. It is not reasonable to infer that applying smelling salts to an apparently unconscious person is a deliberately indifferent act. If the unnamed staff member applied the smelling salts incorrectly, that constitutes negligence, not deliberate indifference.

Finally, Burwell alleges that she is still not receiving constitutionally adequate medical care for her brain tumor, kidney stone, or kidney infection. Burwell may

proceed on an injunctive relief claim for the medical care required by the Eighth Amendment. The Marshall County Sheriff is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Burwell receives adequate medical care. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Marshall County Sheriff will be added as a defendant in his official capacity on a claim for permanent injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to add as a defendant the Marshall County Sheriff in his official capacity;

(2) GRANTS Elizabeth June Burwell leave to proceed against Nurse Mary Loftus in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care for her brain tumor, kidney stone, and kidney infection in violation of the Eighth Amendment;

(3) GRANTS Elizabeth June Burwell leave to proceed against the Marshall County Sheriff in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care under the Eighth Amendment for her brain tumor, kidney stone, and kidney infection;

(4) DISMISSES all other claims;

(5) DISMISSES Marshall County Jail Staff, Tchapet, Tapia, Echo, Sam Howard, Rosalis, Callaway, Jolly, Hendrix, Jordan, Tremaine;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Mary Loftus at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 6), under 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Marshall County Sheriff at the Marshall County Jail, with a copy of this order and the complaint (ECF 6), under 28 U.S.C. § 1915(d);

(8) ORDERS Quality Correctional Care, LLC, and Marshall County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Mary Loftus and the Marshall County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT